

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-16-2005

# Zschiegner v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3385

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Zschiegner v. USA" (2005). *2005 Decisions.* Paper 695.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/695

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-3385
_____

HERBERT ZSCHIEGNER,
                              Appellant

v.

UNITED STATES OF AMERICA; STAN MCDONALD;
GUARDIAN ENVIRONMENTAL

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 03-cv-00989)
District Judge:  Mary L. Cooper
_____

Submitted Under Third Circuit LAR 34.1(a)
February 22, 2005

Before: ROTH, MCKEE AND ALDISERT, <u>CIRCUIT</u> <u>JUDGES</u>

(Filed    August 16, 2005 )
_____

OPINION
_____

PER CURIAM

Appellant, Herbert Zschiegner, appeals from the District Court's order granting

appellee's motion to dismiss his amended complaint.  Zschiegner filed an amended

complaint in the United States District Court for the District of New Jersey seeking

compensatory damages against the United States of America ("United States") for its alleged misrepresentation to the Canadian courts "of the substantive and procedural laws of the United States" during an execution action against his property. The United States filed a motion to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. After concluding that the government's immunity was not waived under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671 et seq., for a claim arising out of an alleged misrepresentation, the District Court granted appellee's motion and dismissed the amended complaint. The court further concluded that Zschiegner could not properly assert a claim for recoupment, since such a claim may only be brought as a counterclaim. This timely appeal followed.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291, and exercise plenary review over a District Court's order dismissing a complaint under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. See In re Cybergenics Corp., 226 F.3d 237, 239 (3d Cir. 2000). After careful scrutiny of appellant's amended complaint and the parties' submissions on appeal, we agree that the District Court lacked subject jurisdiction over Zschiegner's claim for compensatory damages against the United States for its alleged misrepresentation to the Canadian courts, see 28 U.S.C. § 2680(h), and that appellant's purported claim of recoupment was improper. See Livera v. First Nat'l State Bank, 879 F.2d 1186, 1195-96 (3d Cir. 1989); see also United States v. American Color and Chem. Corp., 858 F.Supp. 445, 451 (M.D.Pa.1994) ("A recoupment claim can be asserted only

2

when the plaintiff is seeking damages for a defendant's actions and the defendant counterclaims seeking to reduce any potential damage award because of the plaintiff's actions."). Accordingly, while we grant Zschiegner's motion for leave to file a supplemental brief, we will affirm the District Court's final order dismissing his amended complaint for lack of subject matter jurisdiction.